# Marshall's Estate.

*Decedent's estates—Collateral inheritance tax—Domicile of decedent—Abandonment of Pennsylvania residence—Domicile in another state.*

The claim of the Commonwealth to collateral inheritance tax on the personal estate of a decedent was properly refused, where the lower court found that decedent had abandoned her residence in this State, with the intention of acquiring one in New York, and that she actually acquired her residence there before her death, and such findings were fully warranted by the evidence.

Argued March 9, 1915. Appeal, No. 77, Jan. T., 1915, by Commonwealth, from judgment of O. C. Carbon Co., dismissing exceptions to decree in estate of Janet Rutherford Marshall, deceased. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Appeal from appraisement of decedent's estate for purposes of collateral inheritance tax. Before BARBER, J.

The court found that the decedent prior to the date of her death had taken up her residence in New York and

that her personal estate was, therefore, not subject to the collateral inheritance tax in Pennsylvania. The court dismissed exceptions to its decree sustaining the legatee's exceptions to the appraisement. The Commonwealth of Pennsylvania appealed.

*Error assigned,* among others, was the decree of the court.

*William Wilhelm* and *William M. Hargest,* Deputy Attorney General, with them, *Francis Shunk Brown,* Attorney General, for appellant.

*W. G. Thomas,* of *Freyman, Thomas & Branch,* with him *Charles Fox,* for appellees.

PER CURIAM, March 22, 1915:

That Janet Rutherford Marshall had at one time been a resident of this State is conceded, and the claim of the Commonwealth to collateral inheritance tax on her personal estate is made upon the ground that her domicile continued here up to the time of her death, which occurred outside of the State. The court below found that she had abandoned her residence here, with the intention of acquiring one in New York, and that she actually had acquired a residence there in March, 1911. With this finding fully warranted by the evidence, the Commonwealth has no claim against her estate. We find nothing in the forty-two assignments of error calling for a resubmission to the court below of the single question of fact involved in the case.

Decree affirmed at appellant's costs.